GENERAL MOTORS ACCEPTANCE CORPORATION, APPELLEE, V. DON FRITZ, APPELLANT, AND NADINE FRITZ, APPELLEE.

331 N.W.2d 269

Filed March 18, 1983. No. 82-232.

William W. Griffin, for appellant.

Cronin, Hannon & Symonds, and Otis M. Smith and John F. Farmer, for appellee General Motors.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and BUCKLEY, D.J., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from an order of the District Court for Holt County, Nebraska, holding the appellant, Don Fritz, in contempt for failure to obey a court order of November 9, 1981.

The principal case arose in the District Court by the filing of a petition in replevin by appellee, General Motors Acceptance Corporation. The petition alleged a security instrument in a certain motor vehicle, a promissory note, and default by Don Fritz and Nadine Fritz, and requested delivery of the motor vehicle.

After reciting the facts above described, the court entered the following order: "The Court being fully advised in the premises finds that the Court should and hereby does issue a temporary order addressed to the defendants ordering and directing the defendants to hold the above described property in his possession, unimpaired and unencumbered, and in all respects in the same state and condition as it is at

the time of the receipt of this order, until further order of the Court.''

After hearing, the court, on November 20, 1981, found that the appellee was entitled to possession and directed the clerk to issue an order in replevin. On January 12, 1982, the order was returned unsatisfied, with the return of the sheriff stating that the Fritzes were not found in Holt County. No mention is made in the return of the sheriff as to his fortune in locating the automobile. However, we assume for the purposes of this opinion that the automobile was not found in Holt County either.

In any event, the next move in the appellee's attempt to secure possession was the filing of a verified ''Motion for Citation'' on December 4, 1981, prior to the return of the order of replevin, which alleged in part: ''That notwithstanding the premises, the defendants have disregarded the order of this Court dated November 9, 1981, as follows, to-wit: that they have failed to hold said 1981 Oldsmobile in their possession in *Holt County,* Nebraska.'' (Emphasis supplied.)

At a hearing held on February 2, 1982, testimony was offered that the sheriff and/or deputies of Holt County had been at appellant's home on a number of occasions and did not locate the automobile, and on one occasion at appellant's place of employment. Appellant maintained that the vehicle was in his possession, unencumbered and unimpaired. However, when asked the location of the motor vehicle, the appellant refused to answer, claiming that since a criminal charge was then pending of concealing mortgaged property, the answer would tend to incriminate him. The court did not compel the appellant to answer. Although no formal order so holding is found in the transcript, the bill of exceptions reveals that at the conclusion of the hearing the trial court held the appellant in contempt. ''[T]he Court finds the defendant to be in contempt of Court for having failed to hold said described property in his

possession, unimpaired and unencumbered, as directed in the order of November 9, 1981 . . . ."

We reverse. It is not necessary to here discuss the appropriate procedures in contempt cases, nor the fine distinction between civil and criminal contempt. It is sufficient to point out that the appellant was cited for contempt for failure to hold the automobile in his possession in Holt County, a duty that the order of November 9, 1981, did not impose on him. There was no proof that the appellant was not in possession of the automobile in Holt County or elsewhere; simply that the sheriff could not find it in Holt County. Neither the order of November 9, 1981, nor the order for a writ of replevin commanded the appellant to produce the automobile. While the Fritzes have unquestionably frustrated the appellee's right to possession, their refusal to produce the car is not contempt, absent an order directing them to produce it.

The most that can be said is that appellee offered evidence that the automobile was not located in Holt County. Since the order did not require the automobile to be kept in Holt County, it follows that the appellant cannot be held in contempt for that reason.

"In a contempt proceeding for disobedience of an order, language of duty in the order is not expandable beyond a reasonable interpretation in light of the purposes for which the order was entered." *Malec v. Malec,* 196 Neb. 533, 537, 244 N.W.2d 82, 85 (1976).

Reversed with directions to dismiss the contempt citation.

REVERSED AND REMANDED
WITH DIRECTIONS.